**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4004**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH NEAL WRIGHT, a/k/a Jazz, a/k/a Jermone Farrow,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:95-cr-00090-NCT-PTS-1)

Submitted:  May 17, 2018                    Decided:  May 30, 2018

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 1995, Keith Neal Wright was found guilty by a jury of conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine. He was sentenced to a term of 292 months in prison and five years of supervised release. After Wright's release from incarceration, the district court revoked his supervised release and sentenced him to four months in prison and 24 months of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Wright's revocation sentence is reasonable. Wright was advised of his right to file a pro se supplemental brief, but has not filed one. The government has declined to file a brief.

While this appeal was pending, Wright completed his four-month term of imprisonment and began serving his new term of supervised release. We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (internal quotation marks omitted). Because Wright has served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008). Accordingly, we dismiss as moot any challenge to Wright's four-month term.

Counsel challenges the imposition of a 24-month term of supervised release, claiming that it is plainly unreasonable. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738

2

F.3d 638, 640 (4th Cir. 2013). This Court "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In making this determination, [this Court] first consider[s] whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will this Court determine whether the sentence is "plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted). The "sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (brackets and internal quotation marks omitted).

Here, the district court was statutorily authorized to impose the 24-month term, *see* 18 U.S.C. § 3583(b)(1), (h) (2012), and gave appropriate reasons for imposing the term. We therefore conclude that Wright's supervised release sentence is not unreasonable. In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious grounds for appeal. We therefore dismiss the appeal in part, insofar as it challenges the length of Wright's sentence, and affirm the revocation judgment in all other respects. This court requires that counsel inform Wright, in writing, of the right to petition the Supreme Court of the United States for further review. If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wright. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*